IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.                                                       No. CIV 99-0279 JC/JHG
                                                             CR 94-694 JC

JAMES MANUEL ROMERO,

    Defendant-Movant.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

**NOTICE**

    Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such proposed findings and recommended disposition.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.

**PROPOSED FINDINGS**

    1.  This matter is before the Court on Petitioner's (Romero's ) Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. Romero attacks the Judgment entered on March 29, 1996, in the case styled *United States of America v. James Manuel Romero*, and numbered CR 94-0694 JC, United States District Court for the District of New Mexico.

Case 1:99-cv-00279-JEC-JHG   Document 15   Filed 07/31/00   Page 2 of 9

2. On August 16, 1995, a jury convicted Romero of various offenses arising from his participation in a carjacking and robbery. The government indicted Romero on seven counts: Count I– conspiracy to commit carjacking and robbery and extortion affecting interstate commerce in violation of 18 U.S.C. §§ 2119 and 1951(a); Count II– carjacking in violation of 18 U.S.C. §§ 2 and 2119; Count III– using or carrying a firearm during and in relation to carjacking in violation of 18 U.S.C. § 924(c)(1); Count IV– interference with commerce by robbery and extortion in violation of 18 U.S.C. §§ 2 and 1951(a); Count V– using and carrying a firearm during and in relation to interference with commerce by robbery and extortion in violation of 18 U.S.C. § 924(c)(1); Count VI– receipt of a stolen firearm in violation of 18 U.S.C. §§ 922(j) and 924(a)(2); and Count VII– being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The jury convicted Romero on all counts. On March 13, 1996, the district court sentenced Romero to three concurrent life imprisonment terms on Count I, II, and IV under the "Three Strikes" provision of 18 U.S.C. § 3559(c)(1)(F). The court also imposed a sentence of 120 months on Count VI to run concurrently with Counts I, II, and IV; 327 months on Count VII to run consecutively to Counts I, II, IV, and VI; 60 months on Count III to run consecutively to Counts I, II, IV, VI, and VII; and 240 months on Count V to run consecutively to all the other counts. Romero's total sentence amounted to life imprisonment plus twenty-five years.

On April 8 1996, Romero filed his direct appeal. On August 20, 1997, the Court of Appeals for the Tenth Circuit affirmed in all respects except it remanded the case back to the district court, instructing it to make specific factual findings regarding Romero's objections to findings of his presentence report, pursuant to Fed.R.Crim.P.32(c)(1). In his appeal, Romero

2

raised the following issues: (1) his carjacking conviction could not stand because the government presented insufficient evidence that he intended to cause death or serious bodily harm as required by the federal carjacking statute; (2) the prosecutor's closing arguments and the jury instructions improperly informed the jury that they could convict him of carjacking based on conditional intent; (3) Congress exceeded its power under the Commerce Clause in enacting 18 U.S.C. § 2119, the federal carjacking statute; (4) there was insufficient evidence to support federal jurisdiction under the Hobbs Act; (5) his prior conviction for conveying a weapon in a federal prison is not a "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e); (6) his prior conviction for conveying a weapon in a federal prison did not constitute a "serious violent felony" under the mandatory life imprisonment statute, 18 U.S.C. § 3559(c); (7) his conviction in Count V did not constitute a "second or subsequent conviction" under section 924(c)(1) because Count III, the first or predicate conviction, occurred as part of the same criminal episode as Count V; and (8) the district court failed to make specific factual findings regarding his objections to findings in the presentence report.

3. In his Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, Romero presents the following issues for review:

I.  **The trial court erred when it failed to grant petitioner's motion to suppress alleged statements made to law enforcement officers prior to his arrest.**

II. **The trial court erred in allowing jury instructions involving the issue of intent over defense counsel's objections.**

III. **The trial court erred in admitting a record of petitioner's prior felony conviction.**

IV. **The trial court erred in sentencing petitioner and using petitioner's conviction of possessing a weapon in a prison as a "third strike" under 18 U.S.C. § 3559(c)(2)(F)(ii).**

**V.     The petitioner was denied effective assistance of counsel because counsel failed to raise the issue of materiality concerning the statements made by him to law enforcement officers.**

**VI.    The petitioner was denied effective assistance of counsel at sentencing because the trial court allowed his trial counsel to withdraw and thus petitioner was represented by different counsel at sentencing.**

**VII.   Petitioner was denied effective assistance of counsel at sentencing.**

**VIII.  Petitioner was denied effective assistance of counsel on appeal.**

5. A preliminary question is whether the issues raised in this action are procedurally barred by *United States v. Frady*, 456 U.S. 152 (1982). Section 2255 motions are not available to test the legality of matters which should have been raised on direct appeal. *United States v. Cook*, 997 F.2d 1312, 1320 (10th Cir. 1993). A defendant's failure to present an issue on direct appeal bars him from raising the issue in his § 2255 motion, unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed. *Id.* The Government contends Romero's issues I, II, and III are procedurally defaulted because he failed to raise them on direct appeal. Romero has not alleged any factors which could constitute cause, prejudice or a fundamental miscarriage of justice for his failure to raise issues I, II, and III on direct appeal. These issues are thus procedurally barred by Frady.

6. The procedural bar rule of *Frady*, however, does not apply to claims of ineffective assistance of counsel. *United States v. Galloway*, 56 F.3d 1239, 1241 (10th Cir. 1995). Therefore, the Court will address issues V, VI, VII, and VIII.

7. To prevail on an ineffective assistance of counsel claim, the petitioner must show both that his attorney's representation was so deficient that it was not objectively reasonable and that

his counsel's deficiencies prejudiced his trial. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). "An ineffective assistance claim may be resolved on either performance or prejudice grounds alone." *Fox v. Ward*, 200 F.3d 1286, 1295 (10th Cir. 2000). The court evaluates counsel's conduct from the perspective of counsel at the time, not with "the distorting effects of hindsight." *Castro v. Ward*, 138 F.3d 810, 829 (10th Cir. 1998). To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. Moreover, Romero must overcome the presumption that counsel's conduct was constitutionally effective. *Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999). Romero has the burden of establishing both prongs of *Strickland. Hatch v. Oklahoma*, 58 F.2d 1447, 1457 (10th Cir. 1995).

    8. **Issue V**: Romero complains his attorney was ineffective because he failed to raise the issue of materiality concerning alleged statements made by Romero to law enforcement officers prior to his arrest. In addition, Romero also claims the trial court erred by its failure to submit the element of materiality to the jury. The Government contends that no pre-arrest statements by Romero to law enforcement officers were placed into evidence. The statements admitted into evidence were post-arrest statements. **Tr. Pro. 245-48, 267-86.** The Government contends that Romero's statement to Officer Malcolm Martinez was material and relevant because identity was an issue. **Tr. Pro. 100, 176-77, 180, 182, 185-88.** According to the Government, Romero's statement to Officer Malcolm Martinez established that Romero was one of the masked men who robbed Michael's Kitchen and the one shot by Officer Medina. The Government contends Romero's statement to Officer Malcolm Martinez was both material and relevant. The Court

5

agrees.

The statement made by Romero to BIA Investigator Grant established the following: (1) Romero knew the firearm he possessed on October 30, 1994 was stolen; (2) Romero knew the firearm was loaded; (3) Romero was involved in carjacking or attempting to carjack the Ninnemans' vehicle; (4) Romero was involved in the robbery of Michael's Kitchen; (5) Romero was in possession of a firearm; and (6) Romero used a firearm in relation to a crime of violence. **Tr. Pro. 270-71**. These facts were material and relevant to the charges against Romero. Romero's claim of denial of effective assistance of counsel is without merit as to these claims. Romero's claim that the district court erred in its failure "to submit the element of materiality to the jury" is also without merit.

9. **Issues VI and VII**: Romero contends the district court erred "when it allowed counsel to withdraw without filing document motion to withdraw and provide detailed explanation of reasons stating 'good cause' existed to withdraw as counsel before petitioner was sentenced." Petitioner's Reply at 5. Romero contends this was "tantamount to a complete denial of counsel at sentencing which is a critical stage of the proceeding." *Id.* The Court construes this as a claim of ineffective assistance of counsel at sentencing. However, Romero has failed to establish that counsel who represented him at sentencing was deficient.

10. **Issue VIII**: Romero contends he was denied effective assistance of counsel because appellate counsel failed to raise on direct appeal the issue of whether the prosecutor improperly commented on his failure to testify. Romero claims the prosecutor commented on his right not to testify when she said, "But by his own admission, and it's uncontradicted, the gun was stolen the month before from the Taos Pueblo." **Tr. Pro. 324**. Romero also claims the prosecutor

6

commented on his right not to testify when she referred to statements he made to law enforcement officials after his arrest. **Tr. Pro. 327, 334**. Finally, Romero claims the prosecutor commented on his right not to testify when she argued that the carjacking did not necessarily require actual intent to cause serious injury or death as defense counsel had argued. **Tr. Pro. 337, 338-342**, **346-347, 349-350, 352-353.**

The right of a defendant in a criminal trial "to remain silent unless he chooses to speak in the unfettered exercise of his own will" is guaranteed by the Fifth Amendment. *Malloy v. Hogan*, 378 U.S. 1, 8 (1964). The Constitution therefore "forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt." *Griffin v. California*, 380 U.S. 609, 615 (1965). The Court determines whether there has been an impermissible comment on a defendant's right to remain silent at the time of his arrest by determining, "whether the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the defendant's right to remain silent." *United States v. Toro-Pelaez*, 107 F.3d 819, 826-27 (10th Cir. 1997)(quoting *United States v. May*, 52 F.3d 885, 890 (10th Cir. 1995)). The same test applies whether the prosecutor comments on defendant's post-arrest silence or his decision not to testify at trial. *Pickens v. Gibson*, 206 F.3d 988, 998 (10th Cir. 2000)(citing *United States v. Mora*, 845 F.2d 233, 235 (10th Cir. 1988)). The contested use of the statement must be considered in the context in which the use was made. *Toro-Pelaez*, 107 F.3d at 827.

Romero's asserts that the prosecutor, during her closing argument, improperly commented upon his decision not to testify at trial when she commented "But by his own admission, and it's uncontradicted, the gun was stolen the month before from the Taos Pueblo." "Such remarks, if

7

they 'concern matters that could have been explained only by the accused, . . . give rise to an innuendo that the matters were not explained because [petitioner] did not testify' and, thus, amount to indirect comment on the defendant's failure to testify." *Pickens,* 206 F.3d at 999. "A prosecutor, however, 'is otherwise free to comment on a defendant's failure to call certain witnesses or present certain testimony." *Id.*  Considered in the context in which this statement was made, the Court finds that this statement refers to Romero's knowledge that the firearm was stolen not to his failure to testify.

Romero also claims the prosecutor commented on his right not to testify when she referred to statements he made to law enforcement officials after his arrest. The Court has reviewed the record and finds the statements Romero refers to were not improper comments by the prosecutor commenting on his failure to testify. Finally, Romero's claim that the prosecutor commented on his right not to testify when she argued that the carjacking did not necessarily require actual intent to cause serious injury or death as defense counsel had argued is without merit. The prosecutor's comment was an accurate statement of the law.  Accordingly, appellate counsel was not deficient by failing to raise on direct appeal this issue of whether the prosecutor improperly commented on Romero's failure to testify

10.  **Issue IV:** Finally, Romero claims that the trial court erred in sentencing petitioner and using petitioner's conviction of possessing a weapon in a prison as a "third strike" under 18 U.S.C. § 3559(c)(2)(F)(ii).  The Court of Appeals for the Tenth Circuit has previously considered and disposed of this issue on direct appeal. *See United States v. Romero*, 122 F.3d 1334 (10th Cir. 1997).  Therefore, Romero may not raise this issue under § 2255. *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994)(issues disposed of on direct appeal generally will not be

considered in a § 2255 collateral attack).

## **RECOMMENDED DISPOSITION**

Romero's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 should be denied.

 

**JOE H. GALVAN**
**UNITED STATES MAGISTRATE JUDGE**